HARRY A. SHELDON, Plaintiff, *v.* ARTHUR MACARTHUR, as County Treasurer of Rensselaer County, HENRY W. SNELL, ANTHONY DIMILICK, THOMAS TOOLE and GEORGE T. RODDY, Defendants.

(Supreme Court, Rensselaer Special Term, October, 1911.)

Counties — Board of supervisors — Power of supervisors to appoint to office.

Sheriffs — Privileges and powers — Power to appoint subordinate officers and employees.

> Chapter 539 of the Laws of 1911, which amends the County Law, authorizes boards of supervisors to prescribe or fix the mode or manner in which those authorized by law to appoint clerks, assistants and employees in county offices should exercise the power and does not confer upon boards of supervisors the power themselves to make such appointments.

> The board of supervisors of Rensselaer county has no power to appoint an under sheriff, jailer, assistant jailer and a cook at the county jail, the power to appoint to which positions was given to the sheriff by section 8 of chapter 9 of the Laws of 1903, as amended by section 3 of chapter 243 of the Laws of 1910, and such board will be restrained at the suit of a taxpayer from paying salaries to persons whom it has assumed to appoint to such positions.

MOTION to continue a temporary injunction during the pendency of a taxpayer's action to restrain the county treasurer of Rensselaer county from paying certain salaries.

Chester G. Wager (Samuel Foster, of counsel), for plaintiff.

John P. Taylor (Jarvis P. O'Brien, of counsel), for County Treasurer.

John T. Norton and John P. Kelly, for defendants Snell and others.

CHESTER, J.  The Legislature at its last session passed an act to amend the County Law in relation to the powers of

boards of supervisors. The act (Laws of 1911, chap. 359) became a law June sixteenth of the present year. It amends subdivision 5 of section 12 of the County Law (Laws of 1909, chap. 16, being Consol. Laws, chap. 11) and provides that the board of supervisors shall "have power to fix the amount and the time or manner of payment of the salary or compensation of any county officer or employee, except a judicial officer and the mode of appointment, number and grade of the clerks, assistants or employees in any county office, notwithstanding the provisions of any general or special law fixing the amount of such salary or the time or manner of payment thereof, or providing for the mode of appointment, number or grade of the clerks, assistants or employees in any county office, or vesting in any other board, body, commission, or officer authority to fix the amount of such salary or compensation or the time or manner of payment thereof or to provide for the mode of appointment, number, or grade of the clerks, assistants or employees in any county office; and the power hereby vested in the board of supervisors shall be exclusive of any other board, body, commission or officer, notwithstanding any general or special law."

After the taking effect of this amendment and on July 31, 1911, at a special meeting of the board of supervisors of Rensselaer county, the following was adopted: "Pursuant to authority conferred by chapter 359 of the Laws of 1911, be it *Resolved,* That the clerks, assistants and employees in all county offices in the county of Rensselaer shall hereafter be appointed by this board and by a majority vote of the members thereof."

This is a taxpayer's action, brought to restrain the county treasurer from paying the salaries of the persons occupying the positions of under-sheriff, cook at the jail, jailer and assistant jailer at the jail in the county of Rensselaer, all of whom are defendants in the action, and all of whom were appointed by the present sheriff of that county. When the

present sheriff was appointed and took possession of his office, there was an under-sheriff, a jailer, an assistant jailer and a cook at the jail, who had been appointed to these respective positions by the prior incumbent of the office of sheriff. Soon after taking the office and on the twenty-ninth day of August last, the new sheriff discharged these officials and employees and appointed the others in their places who are named as defendants in this action. On the same day the board of supervisors of the county in special session passed a resolution reciting that a vacancy existed in the office of under-sheriff, jailer, assistant jailer, and cook, employees and assistants at the Rensselaer county jail, by reason of the discharge of said officials, and voted that, pursuant to the authority conferred by chapter 359 of the Laws of 1911 and the said resolution of the board passed July 31, 1911, these officials should be appointed by the board. The board thereupon made an appointment of four other persons to fill the positions in question. This results in two sets of officials, both claiming that they are lawfully entitled to the positions and the emoluments thereof.

A temporary injunction has been granted in the action restraining the county treasurer from paying the salaries of the defendants who are the appointees of the present sheriff, and this motion is to continue that injunction during the pendency of the action.

The only question presented here for determination is as to whether the assistants and employees in the sheriff's office can be legally appointed by the board of supervisors under the law as it now stands, or whether they should be appointed by the sheriff. They have been appointed from time immemorial by the sheriff; but the board now claims the right to make the appointments, because, in the amendment referred to, it is given power to fix "the mode of appointment" and the board has determined, under that authority, that it would make the appointments itself. There would possibly be some foundation for this contention if

37

these words were new in the amendment. But they are not new. They have been in the statute for many years. It appears that subdivision 5 of section 12 of the County Law, which the act of this year amends, was originally taken with some changes from subdivision 2 of section 1 of chapter 482, Laws of 1875, and was inserted in the County Law when it was enacted as chapter 686, Laws of 1892. The law, as originally passed in 1875 and continued in 1892, gave the boards of supervisors power to *prescribe the mode of* appointment and fix the number, grade and pay of the clerks, assistants and employees of certain county officers. As first carried into the County Law, this power to prescribe the mode of appointment related only to the offices of the county treasurers, district attorneys and superintendents of the poor. The provision containing that power continued and was carried into the County Law as it appeared in the Consolidated Laws of 1909, and remained the law until the amendment of this year. So far as appears, during all the years in which this provision has been in the law, no board of supervisors in the State has assumed to make any appointments of subordinates in the offices of the county treasurers, district attorneys, and superintendents of the poor. Substantially the same expression concerning the " mode of appointment " is carried in the amendment of this year. The purpose of the amendment appears to be clear, and was not to change the law at all in that respect, but to enlarge it so that it shall apply to all county officers, except judicial officers, as well as to county treasurers, district attorneys and superintendents of the poor. But, even if the power to fix " the mode of appointment " was by that language in the amendment now given to the board of supervisors for the first time, it would, in my opinion, come far short of giving the boards the *power of appointment,* which is quite another thing. The power of appointment, at the time of the passage of the amendment of this year and for a long time prior thereto, belonged under the express terms of other provisions

of law to the officers whom these clerks, assistants and employees were to serve (Pub. Off. Law, Laws 1909, chap. 51; Consol. Laws, chap. 47, § 9) ; and, with respect to the office of sheriff of Rensselaer county it is provided, in section 8 of chapter 9 of the Laws of 1903, as amended by section 3 of chapter 243 of the Laws of 1910, that "the sheriff shall appoint and may at pleasure remove an under-sheriff, three deputies and a cook; of said deputies one shall be jailer, one an assistant jailer, and one a night watchman." There is no express repeal of this provision; and, if the Legislature intended by the amendment of this year and by carrying the language of. the old law into the new law with respect to the mode of appointment to give to the board of supervisors the power of appointment, it should have said so by clear and unmistakable language, and that it has not done. I think it. is reasonable to say that, when the Legislature used the expression in the law of this year and took it bodily from the law as it existed before the amendment, it did so in view of the well-understood fact that, in all the counties of the State, no board of supervisors had ever assumed that it had the power to make appointments of the assistants and employees in the county offices of their respective counties.

The language in question means now, as it did before the amendment, that the boards of supervisors may prescribe or fix the mode or manner in which those to whom the power of appointment is given by law may exercise that power and does not mean now, any more than it did before the amendment, that the boards of supervisors could lawfully take unto themselves the power of appointment.

It is apparent that the Legislature did not intend by the amendment to make any change whatever with respect to the power of appointment, nor to take that power from those who had theretofore exercised it under the law and give it to the boards of supervisors.

If this construction is correct, the appointments made by the board of supervisors were without authority. of law; and

the persons appointed by the present sheriff lawfully hold their respective positions and are entitled to have their salaries paid.

For these reasons the motion to continue the temporary injunction should be denied, with ten dollars costs, and the temporary injunction dissolved.

Motion' denied, with ten dollars costs.